# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GOVERNMENT BENEFITS
ANALYSTS, INC.,
et al.,

                    Plaintiffs,

v.                                                    Civil Action No.10-CV-2558-KHV-DJW

GRADIENT INSURANCE
BROKERAGE, INC.,
et al.,

                    Defendants/
                    Third Party Plaintiffs,

v.

GALEN JONES,
et al.,

                    Third Party Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Compel (ECF No. 120). Defendants seek an order from the Court compelling Plaintiffs to provide complete answers to Interrogatory Nos. 3, 12, 15, 17, 22, and 24, and Requests for Production Nos. 3, 11, 22, 23, 27, 28, and 29. Defendants also ask the Court to compel production of emails in the .PST format required by the Scheduling Order. For the reasons set forth below, the Court grants Defendants' motion in part, and denies it in part.

## I.      Background

On October 14, 2010, Plaintiffs initiated this action to recover more than $3 million for Defendants' allegedly unlawful use of Plaintiffs' intellectual property, trademarks, and proprietary marketing system. Between 2001 and 2005, Plaintiffs purportedly developed the VA Benefits Maximization and Marketing System ("VA System") designed to teach insurance

agents how to help clients qualify for enhanced benefits under a relatively unknown Veterans Affairs Benefit Rule, among other things.[1] In 2007, Plaintiffs allegedly entered into a non-exclusive, oral agreement with Defendants, giving Defendants a limited license to use Plaintiffs' system, trademark, and business name. Plaintiffs assert that, as compensation for the limited license, they were to receive seminar fees and commissions for sales from insurance agents they trained.[2] Plaintiffs further assert that "[t]he parties agreed the limited license would terminate if either party terminated the agreement, and [Defendants] could no longer use the system, mark, or business name."[3] According to Plaintiffs, the agreement was lucrative for both sides, yet Defendants terminated the relationship to keep all of the profits for themselves. Contrary to the alleged terms of the agreement, Defendants purportedly continued using Plaintiffs' training and marketing system after terminating the relationship. Plaintiffs allege that Defendants' continued use of the system was done without consent from, or payment to, Plaintiffs.

Defendants, on the other hand, assert that they retained Plaintiffs' services to help "recruit additional agents to [their] sales force by building and implementing … [an] educational and marketing program revolving around the pension benefits available to U.S. military veterans through the Department of Veterans Affairs."[4] Like Plaintiffs, Defendants assert that this relationship was lucrative for a while.[5] In August 2010, however, Defendants terminated the agreement between the parties because Plaintiffs allegedly misappropriated Defendants' trade

---

[1] Pls.' Mem. Supp. Pls.' Mot. Compel (ECF No. 94) at 2.

[2] *Id.*

[3] *Id.*

[4] Defs.' Mem. Opp'n Pls.' Mot. Compel (ECF No. 113) at 1.

[5] Defs.' Answer to Second Am. Compl. & Restated Countercl. (ECF No. 60) at 25, ¶ 49.

secrets as part of a conspiracy to actively solicit Defendants' agents and move them to Defendants' competition.[6]

The instant motion arises out of Plaintiffs' responses and objections to Defendants' interrogatories and requests for production. Defendants ask the Court to compel Plaintiffs to produce responsive emails in .PST format, as required by the Scheduling Order. Defendants also ask the Court to overrule Plaintiffs' objections to Interrogatory Nos. 3, 12, 13, 15, 17, 22, and 24, and Request for Production Nos. 3, 11, 22, 23, 27, 28, and 29.[7]

## II. Analysis

### A. Format of Responsive Emails

Defendants' first contention is that Plaintiffs should be compelled to produce responsive emails in .PST format, as required by the Scheduling Order.[8] According to Defendants, Plaintiffs produced responsive emails in both print and .PDF format. Plaintiffs respond that the emails were delivered in those formats so that Defendants could start investigating the emails while Plaintiffs converted them into .PST format. Plaintiffs further respond that because they have promised the delivery of the emails, this point should be denied as moot. However, Defendants state that Plaintiffs promised to produce the emails in the correct format no later than May 14, 2012.[9]

It is clear that Plaintiffs failed to produce the emails in the correct format on the promised date. Had Plaintiffs done so, their Motion in Opposition would have made that argument, which

---

[6] *Id*. at 2.

[7] Because both parties group similar Interrogatories and Requests for Production, the Court will deal with each set in turn, as laid out in the Motion to Compel and the Motion in Opposition.

[8] Defs.' Mem. Supp. Defs.' Mot. Compel (ECF No. 121) at 5.

[9] *Id*. at 6 (citing Pls.' Resp. to Mot. for Ext. of Time to Compl. Disov. (ECF No. 119) at 4).

they do not.[10] Further, the Plaintiffs' Motion in Opposition was filed a full week after the promised date of production. The Court, however, is unable to determine from the case file whether Plaintiffs have in fact produced the emails in the required format in the interim. Thus, to the extent that Plaintiffs have not produced the emails in the required format, the Motion to Compel is granted. If Plaintiffs have not yet done so, they are hereby ordered to produce the responsive emails in the required .PST format within **twenty (20) days** of the filing of this order.

### B.  Request For Production No. 3

Request for Production No. 3 asks Plaintiffs to produce documents concerning business arrangements or dealings. In their brief supporting the Motion to Compel, Defendants limit the Request for Production ("RFP") to business arrangements and dealings "involving the so-called VA Benefits Maximization Training and Marketing System or the marketing, sale, or solicitation of insurance products and occurring from January 1, 2005 to the date of these Requests."[11] Because Defendants have limited the RFP, and the Plaintiffs do not object to them doing so, the Court will only deal with Defendants' limited version of the RFP. Plaintiffs assert that the RFP is overly broad, and in any case, they have already produced the responsive documents.

As an initial matter, the Court will first deal with Plaintiffs' objection. Plaintiffs object to the language of RFP No. 3 in Defendants' brief as overly broad.[12] Specifically, Plaintiffs assert that Defendants' use of the term "concerning" in this RFP is overly broad as a matter of law. As support, Plaintiffs cite *Moses v. Halstead*.[13] In that case, this Court stated that a "request or interrogatory is overly broad or unduly burdensome on its face if it (1) uses an omnibus term

---

[10] *See* Pls.' Mot. Opp'n Defs.' Mot. Compel (ECF No. 131) at 2.

[11] Defs.' Mem. Supp. Mot. Compel (ECF No. 121) at 6.

[12] Pls.' Mem. Opp'n Defs.' Mot. Compel (ECF No. 131) at 3.

[13] 236 F.R.D. 667, 672 (D. Kan. 2006).

such as 'relating to' or "concerning," and (2) applies to a general category or group of documents or a broad range of information."[14]

The RFP does use an omnibus term by using "concerning." The next question is to determine whether this omnibus term applies to a broad range of information. The interrogatory seeks information regarding the VA System or the marketing, sale, or solicitation of insurance products from January 1, 2005 to present between Plaintiffs and some forty-eight individuals or entities. While this may be a broad range of discovery in some senses, it is not broad in the sense that it is a general category or group of documents. The fact that the interrogatory is limited in scope to the VA System or three specified actions dealing with insurance products during a specific time period, keeps the RFP from being overly broad in the sense this rule contemplates. Therefore, the objection to this RFP as overly broad is overruled.

Plaintiffs also contend that they have provided some documents that coincide with the oral agreement between the two parties. However, Plaintiffs also note that they did not originally produce all documents based on their objections. Moreover, Plaintiffs state that responsive documents dating back to January 1, 2005 do not exist because of a hard drive crash. The Court cannot compel Plaintiffs to produce documents they claim do not exist when the Court has no evidence to the contrary.[15] Plaintiffs' response that there are no such documents will remain until supplemented by Plaintiffs or until Defendants offer evidence to the contrary.[16] Nevertheless, Plaintiffs' claim leaves it unclear as to what date responsive documents still exist. In light of this and the fact Plaintiffs admit not producing all responsive documents based on their objections, Plaintiffs are compelled to produce all responsive documents to the extent that they exist. Responsive documents shall be served within **twenty (20) days** of the date of this Order.

---

[14] *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006) (citations omitted).

[15] *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 566 (D. Kan. 1997).

[16] *Id.*

### C. Request for Production No. 11 & Interrogatory No. 15

RFP No. 11 and Interrogatory No. 15 seek information regarding the Plaintiffs' financial information, including tax returns and sources of income from 2006-2011. RFP No. 11 and Interrogatory No. 15 include requests for the financial information of Mr. Galen Jones as an individual. Both parties agree that Plaintiffs have produced tax returns for Government Benefits Analysts, Inc. and Government Benefits Association, Inc. for 2008-2010. However, Plaintiffs objected to RFP No. 11 and Interrogatory No. 15 on the grounds that the information from 2006-2007 is irrelevant, overly broad, and unduly burdensome. Plaintiffs also object that Mr. Jones should not have to provide his individual financial information on the grounds that discovery of that information should only be granted after a finding of liability for punitive damages.

First, Plaintiffs reassert the overly broad and unduly burdensome objections.[17] However, Plaintiffs go no further than to simply state that the RFP and interrogatory are overly broad and unduly burdensome. "[C]ourts look with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad."[18] Because the instant requests do not appear to be unduly burdensome or overly broad on their face, Plaintiffs bear the burden of proving they are.[19] The Court finds that this burden was not carried, and thus overrules the overly broad and unduly burdensome objections as conclusory.

The irrelevance objection, however, is not merely conclusory. Plaintiffs argue that their case is not based on pre-Gradient income, and thus any financial information before 2007 is irrelevant. However, relevancy in the discovery phase of litigation is broadly construed, and will be considered relevant if "there is any possibility that the information sought may be relevant to

---

[17]Pls.' Mem. Opp'n Defs.' Mot. Compel (ECF No. 131) at 5.

[18] *Martin K. Eby Const. Co., Inc. v. OneBeacon Ins. Co.*, Nos. 08-1250-MLB-KGG, 08-2392-MLB-KGG,  2012 WL 1080801, at *4 (D. Kan. Mar. 29, 2012).

[19] *Id.* ("Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections.").

the claim or defense of any party."[20] Further, "[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party."[21] Plaintiffs argue only that they present a case that does not require the use of pre-Gradient income. Plaintiffs do not attempt to argue that Defendants will not need this information for their counterclaim or defense. In fact, Defendants argue that they need the financial information dating back to 2006 in order to establish a claim or defense.[22] Unless a request for discovery is irrelevant on its face, the opposing party has the burden to prove its irrelevance.[23] Because Plaintiffs have failed to meet this burden, the irrelevance objection is overruled.

Plaintiffs next contend that Defendants' request for financial information of Mr. Jones is premature and should only be granted when and if Plaintiffs are held liable for punitive damages. As support, Plaintiffs cite *American Maplan Corporation v. Heilmayr*.[24] Plaintiffs argue that Mr. Jones' status as a third-party defendant, rather than a plaintiff, insulates him from turning over the requested financial information at this stage. However, from its reading of *Heilmayr*, the Court is unable to agree with Plaintiffs' contention that simply because Mr. Jones is a third-party defendant, rather than a plaintiff, he is automatically insulated from disclosing the requested financial information. In *Heilmayr*, the plaintiff sought damages for a violation of a non-compete covenant, non-disclosure clause, and wrongful solicitation.[25] It is clear from the allegations in

---

[20] *Halstead*, 236 F.R.D. at 671. (internal quotations omitted).

[21] *Id.* (internal quotations omitted).

[22] *See* Pls.' Mem. Supp. Mot. Compel (ECF No. 121) at 8.

[23] *See  Halstead*, 236 F.R.D. at 671.

[24] 203 F.R.D. 499, 503 (D. Kan. 2001).

[25] *Id.* at 501.

that case, the defendant's financial information such as his tax returns, could have only been used to establish punitive damage liability.[26]

In this case, however, Mr. Jones' financial information is relevant, as a matter of discovery, to claims or defenses made by Defendants. Because it is relevant to claims or defenses of one of the parties, the purpose of the financial information requested is distinguishable from that in *Heilmayr*. The Court does note that Plaintiffs have agreed to produce limited personal financial information of Mr. Jones after 2007 subject to the protective order in this case. However, because the Court has overruled Plaintiffs' objections, the motion to compel is granted, even as to the promised information. As with the production of emails in the required format, it is unclear to the Court whether the promised documents have been produced. Thus, to the extent the promised documents for RFP No. 11 and answers to Interrogatory No. 15 have not been produced back to January 1, 2006, Plaintiffs are compelled to do so. Plaintiffs shall have **twenty (20) days** from the filing of this order to produce the required documents and supplement its answer.

### D. Request for Production Nos. 22-23 & Interrogatory No. 12

### 1. Requests for Production Nos. 22-23

RFP Nos. 22-23 seek information regarding Plaintiffs' disclosures of its VA System. Plaintiffs object to these RFPs on the grounds that they are not reasonably calculated to lead to the discovery of admissible evidence, and that they are already in the possession, custody or control of the Defendants. As an initial matter, Plaintiffs seem to attempt to add an overly broad

---

[26] The court in *Heilmayr* also seems to adopt this position, i.e. that the financial information requested was only relevant to punitive damages liability. *See Id.* at 503 ("Discovery of such information will become necessary only in the event a jury finds defendant liable to plaintiff for punitive damages.").

and unduly burdensome objection to the RFPs, which, if that is the case, these objections are deemed waived.[27]

Plaintiffs contend that these RFPs are not reasonably calculated to lead to discovery of admissible evidence. The Defendants, however, claim that this information is relevant to the claim that the VA System is a trade secret under Kansas law and that disclosure of the trade secret ends its status as such.[28] Whether the information is a trade secret is obviously relevant to a trade secret misappropriation claim. And, because Plaintiffs go no further than to state that these requests are irrelevant, Plaintiffs do not carry their burden of proving the irrelevance of the requests.[29] Thus, the irrelevance objection is overruled.[30]

Plaintiffs also object to these RFPs on the grounds that Defendants are in possession, control or custody of the responsive documents. Defendants, on the other hand, state that Plaintiffs are incorrect to believe that Defendants conducted certain record keeping functions for the Plaintiffs. Defendants go on to note that Plaintiffs shared the VA System with other insurance groups. Plaintiffs argue that the other insurance groups are in possession, custody or control of the documents Defendants seek, not Plaintiffs. It is unclear from what has been presented who actually has possession, custody or control of the requested documents. Therefore, the Court is unable to compel Plaintiffs to produce what they state they do not have.[31] Thus, the Motion to

---

[27] *Halstead*, 236, F.R.D. at 673 n. 15. ("This Court deems an objection waived when a party fails to assert it in its initial response to the discovery request and raises it for the first time in response to a motion to compel.") (citations omitted).

[28] *See* Defs.' Mem. Supp. Mot. Compel (ECF No. 121) at 9-10.

[29] *Halstead*, 236, F.R.D. at 671.

[30] It should be noted that Defendants state Plaintiffs objected to these RFPs as unduly burdensome as well. However, from the Court's reading of the responses to Requests for Production, this is incorrect. Plaintiffs only objected to these RFPs as irrelevant and already in the possession, custody or control of Defendants.

[31] *See Oleson*, 175 F.R.D. at 566 (stating the court could not compel defendant to produce documents defendant claimed did not exist, and the court had no evidence to the contrary.).

Compel as to these RFPs is denied. Plaintiffs' response that they are not in possession, custody or control of the requested documents will remain until supplemented by Plaintiffs, or until Defendants produce evidence to the contrary.[32]

**2. Interrogatory No. 12**

Interrogatory No. 12 seeks the identity of every person trained on the VA System, along with the date and location of the training, whether the person was an insurance producer, and whether the person was a GIB producer at the time of training. Plaintiffs objected to this interrogatory as unduly burdensome, overly broad, irrelevant, and outside the possession, custody or control of Plaintiffs.

For the same reasons as RFP Nos. 22-23, Plaintiffs irrelevancy argument is overruled. As for the unduly burdensome objection, Plaintiffs do nothing but state that the interrogatory is unduly burdensome. The party objecting to discovery as unduly burdensome has the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.[33] By doing nothing but making a conclusory statement as to the undue burden of the discovery request, Plaintiff has failed to meet the burden to prove the request is unduly burdensome.[34]

As for the overly broad objection, Plaintiffs assert that there are no temporal limitations to the interrogatory. While there are subject limitations to the discovery, Defendants do not limit the dates for the discovery request. Nevertheless, a party typically has a duty to respond to an interrogatory to the extent it is not objectionable and can be narrowed, despite the overly broad

---

[32] *See Id.*

[33] *Horizon Holdings, Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002); *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991).

[34]*See Oleson*, 175 F.R.D at 566.

nature of the interrogatory.[35] "This rule does not apply, however, and the Court will not compel further response, when inadequate guidance exists to determine the proper scope of the interrogatory."[36] Because the Court is unable to determine from what date Defendants would find this information necessary, it is unwilling to limit the dates on its own. Because the Court finds the interrogatory overly broad, it is unnecessary for the Court to rule on Plaintiffs' objection that the information is outside their possession, custody or control.

The motion to compel as to RFP Nos. 22-23 and Interrogatory No. 12 is denied.

**E. Request for Production Nos. 27-29**

RFP Nos. 27-29 seek documents dealing with any efforts by Plaintiffs to recruit GIB agents away from GIB. Plaintiffs initially objected to these RFPs as overly broad, unduly burdensome, irrelevant, and based on facts not in evidence. As for the overly broad and unduly burdensome objections, the Plaintiffs agreed to drop these objections if Defendants limited the scope of the request to August 1, 2007 to the present.[37] Because the parties agreed to this deal, the Court finds it to be the current state of the case. Thus, the scope of RFP Nos. 27-29 is August 1, 2007 to present, and the overly broad and unduly burdensome objections have been dropped. Regarding the objection that the RFPs assumed facts not in evidence, the Court finds this objection to be abandoned.[38] While Plaintiffs asserted this objection in both its initial response and in its agreement with opposing counsel to drop the unduly burdensome and overly broad

---

[35] *Halstead*, 236 F.R.D. at 672.

[36] *Id.*

[37] Defs.' Mem. Supp. Mot. Compel (ECF No. 121) at 11 (citing to Schoen Aff. Ex. C.).

[38] *Halstead*, 236 F.R.D. at 672 n. 8 ("Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.") (citation omitted).

objections,[39] Plaintiffs failed to rely on the objection in its response to Defendants' Motion to Compel.[40]

The only objection the Plaintiffs are able to rely on is irrelevance. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."[41] When the discovery sought appears relevant on its face, the opposing party bears the burden of proving irrelevance.[42] The RFPs in question certainly have the possibility of being relevant to at least the "tortious interference with business relationships"[43] counterclaim asserted by the Defendants, and possibly others. Further, Plaintiffs' arguments that the insurance agents doing business with Gradient are independent do not carry the burden of proving irrelevance. These arguments miss the mark of the RFPs, which are aimed at discovering attempts to lead GIB agents away from GIB, not whether the agents were independent and free to work with others from time to time. Because Plaintiffs did not carry their burden of proving irrelevancy, the irrelevance objection is overruled.

Nevertheless, Plaintiffs state that they have produced documents relating to communications with GIB producers that may relate to efforts to recruit such GIB producers from August 1, 2007 to present. While the Court takes note of this, it also necessarily finds that based on the continued irrelevance objection, it is unlikely that Plaintiffs have fully produced all documents responsive to Defendants RFPs. As such, the Motion to Compel is granted. Plaintiffs

---

[39] *See* ECF No. 121, Schoen Aff. Ex. C at 1 (stating "We would still maintain the objection that the Requests assume facts not in evidence).

[40] *See* Pls.' Mem. Opp'n Defs.' Mot. Compel (ECF No. 131) at 8-9.

[41] *Halstead*, 236 F.R.D. at 671.

[42] *Id.*

[43] *See* Countercl. and Third-Party Compl. (ECF No. 15) at 25.

have **twenty (20) days** from the filing of this order to fully produce responsive documents relating to RFP Nos. 27-29, to the extent Plaintiffs are in possession of such documents.

### F. Interrogatory No. 3

Interrogatory No. 3 seeks "all communications that you contend comprise or describe any of the terms, conditions, or obligations of any agreement between GBA and any of the Defendants."[44] Plaintiffs object to this interrogatory on a number of grounds: the information is protected by the attorney-client privilege and attorney work product doctrine, and that it is overly broad, unduly burdensome, and irrelevant. Because Plaintiffs do not rely on the attorney-client or attorney work product doctrines in their response to Defendants' Motion to Compel, these objections are deemed abandoned.[45] The remaining objections will be addressed in turn.

First, the Plaintiffs contend that Interrogatory No. 3 is overly broad. However, despite the overly broad nature of an interrogatory, it should be answered to the extent it is not objectionable and can be narrowed to an appropriate scope.[46] Plaintiffs argue that any communication regarding the VA System could possibly be seen to describe obligations of the parties. While this seems spurious at best, it can be best dealt with by limiting the interrogatory to the words used by Defendants: "you contend." Because these are the literal words used by Defendants, the Court is willing to find them as adequate guidance in limiting the scope of the interrogatory.[47] The adequacy of this limitation is further demonstrated by the language used to describe the purpose of the interrogatory in the Defendants' brief: "Interrogatory No. 3 requests that the [Plaintiffs]

---

[44] ECF No. 121, Schoen Aff. Ex. H at 2.

[45] *Halstead*, 236 F.R.D. at 672 n. 8.

[46] *Id.* at 672.

[47] *See Id.* (stating that the court would not limit an interrogatory when given inadequate guidance).

identify the communications that comprise o[r] describe *their version* of the alleged agreement."[48] As limited, the objection as overly broad is overruled.

Second, the Plaintiffs claim that the interrogatory is unduly burdensome. However, the Plaintiffs fail to state any reason why or establish any facts justifying the objection.[49] Thus, the unduly burdensome objection is overruled.

Third, Plaintiffs argue that the interrogatory is irrelevant. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party."[50] When the discovery sought appears relevant on its face, the opposing party bears the burden of proving irrelevance.[51] Defendants demonstrate in their brief that Plaintiffs rely on the oral agreement for multiple claims. Thus, the Plaintiffs' account of the oral agreement is relevant on its face. As such, a conclusory statement that the requested discovery is irrelevant does not satisfy the burden imposed on the opposing party to prove the irrelevancy of the requested discovery.[52] Because it fails its burden of proof, Plaintiffs' objection is overruled.

As a final matter, Plaintiffs argue that the answer they provided subject to their objections is an adequate response to the interrogatory. Defendants argue that the answer fails to identify even one communication. The Court agrees with Defendants. While the answer does seem to describe some obligations and a few terms of the oral agreement, it fails to provide a complete answer. This is demonstrated by two observations. First, the answer provided was subject to

---

[48] Defs.' Mem. Supp. Mot. Compel (ECF No. 121) at 12 (emphasis added).

[49] *Horizon Holdings*, 209 F.R.D. at 213; *Snowden*, 137 F.R.D. at 332.

[50] *Halstead*, 236 F.R.D. at 671.

[51] *Id.*

[52] *Martin K. Eby Const.*, Nos. 08-1250-MLB-KGG, 08-2392-MLB-KGG, 2012 WL 1080801, at *4 (stating courts look with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad) (citation omitted).

objections just now overruled or deemed abandoned. As such, it is unlikely to be a full answer. Second, the only part of the answer that seems to describe a communication is perfunctory and vague. It only describes simply that two men entered into a non-exclusive oral agreement. It does not provide information on how Plaintiffs perceived the agreement or its obligations.

In light of the foregoing reasons, the Motion to Compel as to Interrogatory No. 3 is granted. Plaintiffs have **twenty (20) days** from the filing of this Order to supplement their response to Interrogatory No. 3 to provide a full answer.

### G. Interrogatory No. 13

Interrogatory No. 13 asks Plaintiffs to identify the costs and expenses associated with the development of the VA System. Plaintiffs object on the grounds that the interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiffs do no more than assert that the interrogatory is irrelevant and unduly burdensome, without giving any facts or reasons as to why. As the Defendants show, the costs and expenses associated with development is a factor in determining whether the VA System is a trade secret.[53] Furthermore, Plaintiffs do not give any specific facts as to why the interrogatory is unduly burdensome, as they are required to do.[54] For these reasons, Plaintiffs have not carried their burden as to these objections, and they are therefore overruled.

Plaintiffs also object that the interrogatory is overly broad because it could include such things as travel expenses and lunches. Based on the quoted language in Plaintiffs' argument, Plaintiffs seem to be arguing that "in relation" is overly broad on its face, similar to their argument against RFP No. 3, that a "request or interrogatory is overly broad or unduly burdensome on its face if it (1) uses an omnibus term such as 'relating to' or "concerning," and

---

[53] *Fireworks Spectacular, Inc. v. Premier Pyrotechnics, Inc.*, 147 F. Supp. 1057, 1066 (D. Kan. 2001).

[54] *Horizon Holdings*, 209 F.R.D. at 213; *Snowden*, 137 F.R.D. at 332.

(2) applies to a general category or group of documents or a broad range of information."[55] When, however, the omnibus phrase modifies a specific type of document or specific event, rather than a large category or all documents or events, the request is not deemed overly broad on its face.[56] Here, the requested information deals only with expenses and costs incurred in relation to the VA System. This is more similar to a specific event rather than a large category or all documents or events.

Plaintiffs, however, may have been arguing that there are no temporal limitations on the interrogatory. However, the objecting party has the burden to substantiate its objections.[57] Plaintiffs merely state that "'[e]xpenses incurred in relation' to the program could include everything from mileage to lunches."[58] While this may seem to be broad, Plaintiffs do not substantiate the claim that this would be overly broad. And, because Kansas courts look to the amount of time, effort, and expense in developing the information as a factor in determining whether the information is a protectable trade secret[59], Plaintiffs merely stating that lunches and mileage may be included does not, in the eyes of this Court, carry their burden. Thus, the over breadth objection is overruled.

Plaintiffs also contend that they have answered the interrogatory in full and have incorporated their expert witness' damages report. However, the answer gives only generalized information, not any specific answers. Further, the damages report of the expert witness is just that, a damages report based on lost profits. This report does little in the way of showing the costs incurred in the development of the VA System. In light of these reasons, the Court finds

---

[55] *Halstead*, 236 F.R.D. at 672 (citations omitted).

[56] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667-68 (D. Kan. 2004).

[57] *Oleson*, 175 F.R.D. at 565.
[58] Pls.' Mem. Opp'n Defs.' Mot. Compel (ECF No. 131) at 10.

[59] *Fireworks Spectacular*, 147 F. Supp.2d at 1066.

that the answer provided is not full and complete. Plaintiffs have **twenty (20) days** from the filing of this Order to supplement their response to Interrogatory No. 3 to provide a full and complete answer.

### H. Interrogatory No. 17

Interrogatory No. 17 seeks information regarding parties or entities that have provided training similar to the VA System. There are no objections to this interrogatory. However, the dispute is whether Plaintiffs have fully responded. Plaintiffs' answer to this interrogatory is: "Defendants and persons acting on behalf of defendants have stolen and used the VA Benefits Maximization Training and Marketing System."[60] As it stands, Plaintiffs' response is nothing more than an accusation leveled at Defendants. This cannot be considered a responsive answer. If the Defendants are the only parties Plaintiffs are aware of to provide similar training, Plaintiffs should have answered this clearly and without accusation. If there are other parties, or if Plaintiffs know the identities of "persons acting on behalf" of Defendants who have provided training, these need to be provided in an answer.

Plaintiffs have **twenty (20) days** from the filing of this Order to supplement their response to Interrogatory No. 17 to provide a full and complete answer.

### I. Interrogatory Nos. 22, 24

Interrogatory No. 22 seeks information regarding Paragraphs 46 and 47 of Plaintiffs' Second Amended Complaint, and includes five unique subparts. Interrogatory No. 24 seeks information regarding Paragraph 53 of the Second Amended Complaint. Plaintiffs objected to both on the basis of attorney-client and attorney work doctrine privilege, and that the requests were not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiffs failed to rely on these objections in its response to the Motion to Compel, and thus

---

[60]ECF No. 121, Schoen Aff. Ex. H, at 11.

these objections are deemed abandoned.[61] Defendants also show that Plaintiffs agreed to supplement their answer to Interrogatory No. 24, which Plaintiffs have yet to do. Before considering that point, it will be useful to rule on the remaining objections.

Plaintiffs did not abandon their overly broad and unduly burdensome objections. They argue that the discovery requests seek "all facts" and are thus overly broad as a matter of law. It is true that "contention interrogatories" are "overly broad and unduly burdensome on their face if they seek all facts supporting a claim or defense, such that the answering party is required to provide a narrative account of its case."[62] However, interrogatories may ask for the principal or material facts with support a claim or defense.[63] Interrogatories may also ask for the identities of knowledgeable persons and supporting documents for the principal or material facts supporting a claim or defense.[64]

In light of these rules, the Court finds that the interrogatory is overly broad and unduly burdensome on its face, to the extent that it asks for "all" facts. The Court will therefore compel Plaintiffs to answer Interrogatory No. 22, limited to the principal or material facts.[65] Because the Court overruled the objections of Plaintiffs, and the parties agreed that Plaintiffs would supplement their answer to Interrogatory No. 24, Plaintiffs are directed to supplement their response as promised. Plaintiffs shall serve their supplemented responses to Interrogatory Nos. 22 and 24 within **twenty (20) days** of the filing of this Order.

The Court next turns to the award of reasonable attorneys' fees and expenses that Defendants' counsel have incurred in connection with this motion.  Under Rule 37(a)(5)(A), the

---

[61] *Halstead*, 236 F.R.D. at 672 n. 8.

[62] *Id.* at 674.

[63] *Id.*

[64] *Id.*

[65] *See Id.*

award of fees and expenses is mandatory, unless certain exceptions apply.  The Rule provides in pertinent part:  "If the motion [to compel discovery] is granted . . . the court *must,* after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's responses or objections were substantially justified, or (iii) other circumstances make an award of expenses unjust.[1]

As the Rule expressly provides, the Court may award fees and expenses under Rule 37(a)(5)(A) only after the Court has afforded the parties the "opportunity to be heard."[1]  To satisfy this requirement, the Court directs Plaintiffs  to show cause, in a pleading filed with the Court within **twenty (20) days** of the date of this Order, why Plaintiffs and/or Plaintiffs' attorneys should not be required to pay the reasonable attorneys' fees and expenses Movants incurred in filing the Motion to Compel.  Movants shall have **eleven (11) days** thereafter to file a response or responses thereto, if they so choose.   In the event the Court determines that attorneys' fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of affidavits reflecting the amount of fees and expenses Movants have incurred, and for the filing of any related briefs.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery (ECF No. 120) is granted in part and denied in part.

---

[1]Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

[1]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ P. 37(a)(5)).

**IT IS FURTHER ORDERED** that Plaintiffs shall, within **twenty (20) days** of the date of filing of this Order, serve its amended and supplemented responses to Interrogatory Nos. 3, 13, 15, 17, 22, and 24.

**IT IS FURTHER ORDERED** that Plaintiffs shall, within **twenty (20) days** of the date of filing of this Order, produce all documents required to be produced as set forth herein to RFP Nos. 3, 11, 27, 28, and 29. Said production shall take place at the offices of Defendants' counsel, or at any other location agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiffs shall, within **twenty (20) days** of the date of filing of this Order, produce the responsive emails in the .PST format required by the Scheduling Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall, within **twenty (20) days** of the date of this Order, show cause in a pleading filed with the Court, why Plaintiffs and/or Plaintiffs' attorneys should not be required to pay the reasonable attorneys' fees and expenses Movants have incurred in filing their Motions to Compel.  Movants shall have **eleven (11) days** thereafter to file a response or responses thereto.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of August, 2012.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:    All counsel